Dear Ms. Bourgoyne:
We are in receipt of your request for an Attorney General's opinion regarding assistance in voting. Specifically, you have requested our opinion on the following questions:
 1. If a voter has registered to vote and has indicated at the time of registration that he/she does not need assistance in voting and at a later date requests for assistance stating that he/she is illiterate, should the record be changed and the voter allowed assistance?
LSA-R.S. 18:564 provides for assistance in voting for those persons who are unable to read, or are unable to vote without assistance because of a physical handicap, including blindness. Section D sets forth the requirements for receiving assistance, as follows:
 D. (1) Prior to receiving assistance under this Section, the voter shall file with the registrar in person or by mail a statement setting forth the necessity and reasons for this assistance and shall furnish a certificate of a medical doctor or optometrist certifying to the irremediable nature of the physical handicap as proof of disability. The registrar shall indicate such facts on the voter's original application for registration, on the voting certificate, and on any other official registration records. Thereafter, the voter shall not be required to present evidence of any kind at the polls.
 (2) A voter shall also be entitled to assistance without having filed with the registrar a statement setting forth the necessity and reasons for this assistance if, on election day, the voter presents to the commissioner-in-charge a physician's certificate indicating the voter's inability to vote without assistance because of a physical handicap. The commissioner-in-charge shall attach this certificate to the precinct register. (Emphasis added.)
Therefore, it is our opinion that if a voter has registered to vote and did not originally indicate a need for assistance, then at a later date requests assistance stating that he/she is illiterate, said voter is required to provide the Registrar of Voters with a statement setting forth the necessity and reasons for the assistance. We do not believe that it is necessary for the voter to furnish a certificate of a medical doctor when he/she requests assistance in voting when he/she is unable to read. Such a certificate is only necessary when a voter requests assistance because of a physical handicap, including blindness.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb
arl/opinions/ 95-485(A)
DATE RECEIVED
DATE RELEASED
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL